NH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Miles,<br><br>             Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>             Defendants. | No.   CV-25-08161-PCT-JAT (ASB)<br><br>**ORDER** |

On August 1, 2025, Plaintiff Dylan Miles, who was confined in a Yavapai County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). On August 1, 2025, the Clerk of Court sent Plaintiff a Notice of Assignment. (Doc. 3.) On August 11, 2025, the Notice was returned as undeliverable, with a notation on the envelope indicating that Plaintiff is "Not in Custody." (Doc. 4.) Plaintiff has not filed a Notice of Change of Address, or in any way notified the Court of his whereabouts. Accordingly, the Clerk of Court is unable to re-mail the Notice to Plaintiff.

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. **Failure to notify the court of any change in your mailing address may result in the dismissal of your case**." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2). In addition, Local Rule of Civil Procedure 83.3(d)

requires an unrepresented incarcerated party to submit a notice of change of address within seven days after a change of address.

Plaintiff has the general duty to prosecute this case. *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted . . . would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Court will dismiss the Complaint and this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court will deny Plaintiff's Application to Proceed In Forma Pauperis as moot.

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied** as moot.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this decision would not be taken in good faith.

Dated this 29th day of September, 2025.

James A. Teilborg
Senior United States District Judge